UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| MARY GALLO, | Case No.: 2:05-cv-00866-RLH-GWF |
| Plaintiff, | **O R D E R** |
| vs. | (Motion for Summary Judgment–#44) |
| BEKINS A-1 MOVERS, INC., a foreign corporation d/b/a BEKINS MOVING COMPANY, BEKINS VAN LINES, LLC, and BEKINS MOVE MANAGEMENT SERVICES; BLUE RIBBON RELOCATION, LLC, a Nevada Limited Liability Company; JOHN DOE DEFENDANTS 1-10; and ROE CORPORATION DEFENDANTS 1-10, | |
| Defendants. | |

Before the Court is Defendants Bekins A-1 Movers, Inc. d/b/a Bekins Moving Company, Bekins Van Lines, LLC, Bekins Move Management Services ("Bekins"), and Blue Ribbon Relocation, LLC's ("Blue Ribbon") (collectively "Defendants") **Motion for Summary Judgment** (#44), filed January 11, 2007. The Court has also considered Plaintiff's Opposition (#51), filed January 26, 2007, and Defendants' Reply (#52), filed February 14, 2007.

/ /

/ /

1

**BACKGROUND**

In April 2004, Plaintiff hired Defendant Blue Ribbon, agent of Defendant Bekins, to move her household goods from Nevada to Pennsylvania. For her move, Plaintiff signed an Interstate Bill of Lading on which Plaintiff valued her shipment at $0.60 per pound in exchange for a discounted carriage rate. On or about May 30, 2004, Defendants packed their moving truck with Plaintiff's belongings. Thereafter, at some time between May 30, 2004, and June 1, 2004, Plaintiff's belongings were stolen from the truck, which was parked outside and left unlocked. Approximately one week later, the delivery driver called Plaintiff to inform her of the theft. Aside from one box marked "garage" and other miscellaneous furniture items, all of Plaintiff's property was stolen. To date, her items have not been recovered.

Thereafter, Plaintiff filed the instant litigation. All of her claims have been dismissed except for a cause of action under the Carmack Amendment to the Interstate Commerce Act, codified at 49 U.S.C. § 14706. Defendants now move for summary judgment on the issue that Plaintiff's recovery is limited to $0.60 per pound as stated on the bill of lading, which would limit their liability to approximately $3,500. For the following reasons, the Court denies Defendants' Motion. Additional facts bearing on the Court's decision are outlined below.

**DISCUSSION**

**I. Summary Judgment Standard**

Summary judgment is proper when "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c). An issue is "genuine" only if there is a sufficient evidentiary basis on which a reasonable fact finder could find for the nonmoving party, and a dispute is "material" only if it could affect the outcome of the suit under the governing law. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). The party moving for summary judgment has the burden of showing the absence of a genuine issue of material fact, and the court must view all facts and draw

all inferences in the light most favorable to the non-moving party. *Shaw v. Santa Monica Bank*, 920 F.Supp. 1080, 1083-84 (9th Cir. 1996) (citations omitted).

In response to a properly submitted summary judgment motion, the burden shifts to the opposing party to set forth specific facts showing that there is a genuine issue for trial. *Henderson v. City of Simi Valley*, 305 F.3d 1052, 1055-56 (9th Cir. 2002). The non-moving party "may not rely on denials in the pleadings but must produce specific evidence, through affidavits or admissible discovery material, to show that the dispute exists." *Bhan v. NME Hosp., Inc.*, 929 F.2d 1404, 1409 (9th Cir.1991).

**II. Carmack Amendment**

The Carmack Amendment subjects motor carriers, like Defendants, to absolute liability for "actual loss or injury to property" when transporting cargo in interstate commerce. 49 U.S.C. § 14706(a)(1). However, a carrier may limit its liability for any such damage pursuant to 49 U.S.C. § 14706(f) ("A carrier . . . [may] modify, eliminate, or establish rates for the transportation of household goods under which the liability of the carrier for that property is limited to a value established by written declaration of the shipper or by a written agreement.").

For a carrier's limitation of liability to be effective, the carrier must prove that it: (1) maintains a tariff in compliance with the requirements of the Interstate Commerce Commission; (2) gave the shipper a reasonable opportunity to choose between two or more levels of liability; (3) obtained the shipper's agreement as to his choice of carrier liability limit; and (4) issued a bill of lading prior to moving the shipment that reflects any such agreement. *Hughes Aircraft Co. v. N. Amer. Van Lines, Inc.*, 970 F.2d 609, 611-12 (9th Cir. 1992). Here, the Parties stipulate that the first element is satisfied. However, Plaintiff disputes that Defendants have proved the remaining three elements and the Court discusses each one in turn.

**A. Reasonable Opportunity to Choose between Two Levels of Liability**

The second requirement for a limitation of liability requires a carrier to give the shipper a reasonable opportunity to choose between two levels of liability. A reasonable

3

opportunity to choose means "that the shipper had both reasonable notice of the liability limitation and the opportunity to obtain information necessary to make a deliberate and well-informed choice." *Hughes Aircraft*, 970 F.2d at 612 (quoting *Carmana Designs, Ltd v. N. Amer. Van Lines, Inc.*, 943 F.2d 316, 320 (3d Cir. 1991)). Plaintiff argues that one of the options offered to a shipper must be full value protection. The Court agrees. The Carmack Amendment requires carriers, like Defendants, to be liable for the full value of a shipper's goods unless the shipper waives liability. 49 U.S.C. § 14706(f)(3) ("The released rates . . . shall not apply to the transportation of household goods by a carrier unless the liability of the carrier for the full value of such household goods . . . is waived, in writing, by the shipper."). For waiver of this right to be effective, a shipper must have full knowledge of a full value protection option. *State, Univ. and Cmty. Coll. Sys. v. Sutton*, 103 P.3d 8, 18 (Nev. 2004) ("To be effective, a waiver must occur with full knowledge of all material facts."). Consequently, this requires Defendants to have offered Plaintiff full value protection.

      In support of their argument that they offered Plaintiff two levels of liability from which to choose, Defendants argue that Plaintiff had the option of purchasing insurance or receiving a lower rate in exchange for limiting Defendants' liability to $0.60 per pound. Plaintiff does not dispute that Defendants offered her an insurance option but maintains that she was told that the insurance covered damages caused only by "acts of God." Based on this representation, Plaintiff argues that after assessing the risk of whether or not an act of God was likely to damage her property, she forewent the insurance option in exchange for the limited liability option of $0.60 per pound. Moreover, Plaintiff maintains that Defendants did not explain to her the effect of the $0.60 per pound limitation and that had she been offered full value protection, she would certainly have chosen that option. Thus, Plaintiff concludes, she was denied the opportunity to choose between two levels of liability.

      Here, the Court finds that Plaintiff's testimony that Defendants told her that the insurance option covered only acts of God raises a genuine issue of material fact as to whether

4

Plaintiff was in fact offered the option of receiving full value protection for her goods. Should a reasonable jury find that Defendants misrepresented the full value protection option, the second element of the *Hughes Aircraft* test is not satisfied.

Though the Court finds that a genuine issue of material fact exists as to the second element of the test, it nevertheless proceeds to discuss the remaining elements.

**B.  Shipper's Agreement as to Choice of Carrier Liability Limit**

The third requirement for limiting a carrier's liability requires the carrier to obtain the shipper's written declaration or agreement of the shipper's choice of carrier liability. 49 U.S.C. § 14706(f). On this issue, Defendants argue that Plaintiff expressly declared the value of her property at $0.60 per pound. To the contrary, Plaintiff contends that she was fraudulently induced into signing the bill of lading based on Defendants' misrepresentations. Thus, Plaintiff concludes, the contract is invalid and Defendants have not satisfied this element.

The Court notes that Plaintiff's prior state law fraud cause of action has been dismissed as preempted by the Carmack Amendment. (Order, Mot. to Dismiss, Dkt. #13.) However, Plaintiff's defense of fraud in the inducement as presented here is separate and distinct from her prior fraud claim, and the Court permits her to proceed on this theory. *See e.g., Hughes Aircraft*, 970 F.2d at 612-13 (holding that state law claims were preempted, but applying contract principles to determine whether shipper had knowledge of terms in bill of lading). The elements for fraud in the inducement are: (1) a false representation made by the defendant; (2) with the knowledge or belief that the representation was false (or knowledge that it had an insufficient basis for making the representation); (3) the defendant's intention to therewith induce the plaintiff to consent to the contract formation; (4) the plaintiff's justifiable reliance on the misrepresentation; and (5) damage to the plaintiff resulting from such reliance. *See J.A. Jones Contr. Co. v. Lehrer McGovern Bovis, Inc.*, 89 P.3d 1009 (Nev. 2004).

Plaintiff alleges that Defendants made three misrepresentations for the purpose of inducing her into the liability limitation. First, Defendants misrepresented the nature of the

insurance coverage; second, Defendants represented that the moving truck would be locked and parked in a warehouse; and third, that Defendants' representative required Plaintiff to sign on the $0.60 per pound liability limitation line without an explanation as to the effect of this option. From these allegations, supported by Plaintiff's deposition testimony, the Court finds that there exists a genuine issue of material fact as to whether Defendants fraudulently induced Plaintiff into obtaining her written agreement to limit Defendants' liability.

### C.  Bill of Lading Issued Prior to Shipment Reflects Such Agreement

Under the Carmack Amendment, the fourth element requires the carrier to prove that it issued a bill of lading that reflects any agreement between the two parties to limit liability. Further, the bill of lading must be issued prior to shipment. Here, Plaintiff does not dispute that Defendants issued her a bill of lading prior to shipment date. However, as discussed above, to the extent that such bill of lading was obtained through fraud, Plaintiff argues that it does not reflect an agreement to limit Defendants' liability. The Court agrees.

For the above-mentioned reasons, the Court denies Defendants' Motion for Summary Judgment.

### CONCLUSION

Accordingly, and for good cause appearing,

IT IS HEREBY ORDERED that Defendants' Motion for Summary Judgment (#44) is DENIED.

Dated:  March 13, 2007.

_____
ROGER L. HUNT
Chief United States District Judge